JON M. SANDS
Federal Public Defender
District of Arizona
850 West Adams, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2739

JEFFREY A. WILLIAMS, #012605
Asst. Federal Public Defender
Attorney for Defendant
jeffrey_williams@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>-vs-<br><br>Aimee Melissa Edwards,<br><br>Defendant. | No. CR-08-623-PCT-JAT<br><br>**MOTION TO SUPPRESS STATEMENTS PURSUANT TO MIRANDA**<br><br>(Evidentiary Hearing Request) |

The defendant, through undersigned counsel, moves the Court to suppress all statements obtained from the defendant on June 23, 2008, because they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) and the Fifth Amendment of the United States Constitution.

**I. Facts**

The defendant, Aimee Melissa Edwards, is before the Court charged with Second Degree Murder in violation of 18 U.S.C. §§ 1153 and 1111. It is alleged that on December 21, 2007, the defendant stabbed the decedent, Lambert Caddo, during an argument. The defendant asserts that if she in fact stabbed Mr. Lambert it was after Mr. Lambert threatened to kill Ms. Edwards and her infant child.

On June 23, 2008, Ms. Edwards was arrested at the White Mountain Safe House in Pinetop, Arizona pursuant to a Federal Arrest Warrant issued on June 19, 2008. Agents Stephen Hale and Raymond Duncan arrived at the safe

house at about 7:20 a.m. and immediately placed Ms. Edwards under arrest. She was searched and restrained by a belly-chain and handcuffs before being placed in the front passenger seat of Agent Hale's government vehicle. She was never advised of her rights pursuant to *Miranda*.

The drive to the U.S. Marshal's Office took approximately 3 ½ hours. Agent Hale contends that during the trip Edwards repeatedly asked what would happen to her that day and he stated he did not know. He went on to explain the initial appearance and detention hearing process. Ms. Edwards then asked about trial and the advantages and disadvantages of pleading guilty to which Agent Hale responded that she should consult a lawyer. Then there was a lengthy conversation about the stabbing and the events that led up to the stabbing. At about 10:50 a.m. Ms. Edwards was booked into the United States Marshal's Office.

**II. Law**

Pursuant to *Miranda* and its progeny, the prosecution may not use statements elicited through custodial interrogation unless the use of procedural safeguards guarantee that the accused has been informed of and has freely waived the Constitutional privileges of the Fifth Amendment. See *id*. 444-45. Under *Miranda*, law enforcement officers must warn the defendant that "he/she has a right to remain silent, that any statement he/she does make may be used as evidence against him, and the he/she has a right to the presence of an attorney, either retained or appointed," prior to the commencement of any interrogation. *Id*. at 444-45. If given, the defendant may waive the exercise if his or her *Miranda* rights, "provided the waiver is made voluntarily, knowingly, and intelligently." *Id*. at 444. The purpose of the warnings is to guard against self incrimination during "'incommunicado interrogation'" of individuals in settings dominated or controlled by law enforcement officers. *Illinois v. Perkins,* 496 U.S. 292 (1990).

. . .

1         In *United States v. Orso*, 266 F.3d 1030, a situation almost identical to the present case, the Ninth Circuit Court of Appeals held that a defendant who was picked up on a federal warrant was under "interrogation" by postal inspectors during a drive from the police station to their office, such that *Miranda* warnings were required, where, after talking about other matters, the inspector engaged the defendant in a detailed discussion about the facts of the case, even if the inspector preceded his comments by admonishing the defendant not to speak.

        In the present case there is no doubt the defendant was in custody and based on the decision in *Orso*, the defendant should have been advised of her rights pursuant to *Miranda*.

        Therefore, for the reasons stated, the defendant moves the Court to suppress the statements given by the defendant on June 23, 2008, because they were obtained in violation of *Miranda*.

        Respectfully submitted: July 10, 2008.

JON M. SANDS
Federal Public Defender

s/*Jeffrey A. Williams*
JEFFREY A. WILLIAMS
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing this 10th day of July, 2008, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

THOMAS SIMON
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

Aimee Melissa Edwards
Defendant

*s/ P. Muñoz*